All rise. The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals are admonished to draw nigh and give their attention for the Court is now sitting. God save the United States and this Honorable Court. Thank you. Please be seated. Welcome, everybody, to the Fourth Circuit. Judge Sacker and I are glad to have Judge John Gibney sitting with us today in the first case. The first case is National Association for the Advancement of Multi-Jurisdiction Practice v. Lynch. Mr. Gianni. May it please the Court, good morning. I'm Joseph Giannini. This case, before turning to the office location disqualification provisions and the reciprocity provisions, I'd like to outline the overall structure of how this case arises, as well as my argument. This case arises out of the First Amendment Rights to Speech Association and Petition for Excessive Grievances, as well as the Article III Courts Exclusive Jurisdiction and the Appointments Clause. Additionally, these provisions are distilled into the Federal Rules of Civil Procedure 28 U.S.C. 2071-2072. Next, I'd like to talk about the five cases that we have challenging district court local rules that deny reciprocal admission to out-of-state attorneys and the holdings in those cases and where they're at. All of those cases were decided under a rational basis review, and on appeal we argue that the rational basis review was not appropriate. Next, I'd like to go into the office location disqualification provisions, and in that regard we're going to rely upon Frazer v. Hebe, which is an almost identical case as in this case. Then we're going to go into the reciprocity. The five cases you refer to on appeal, have you prevailed in any of those? Yes, we have, Your Honor. We have. We filed an almost identical case in the District of Columbia a year before this case was filed. The District of Columbia took our complaint. We challenged their reciprocity rule. They took their reciprocity rule and they abolished it. They came back and they said, we're going to abolish that reciprocity rule, but now we're going to implement a principal office. Did they enter an opinion? No. About that? No, they didn't. All right. They just did it. So that was through administrative channels, correct? Correct. Have you sought to have the rule in Maryland amended in that way through means outside this appeal? We're not obligated to. I'm asking you, have you tried? We have not in Maryland, Your Honor, but we have in other courts and other circuits, and we were turned away. Specifically in the Ninth Circuit, we filed a petition with the Judicial Council of that court, and the court came back and said, if you want us to change the rules, you have to sue us, and we did. So the case is on appeal in the Ninth Circuit. So essentially we're in a situation where Congress has already said it's almost impossible to get the local rules reviewed because it's impolitic, it's impossible. Where has Congress said that? When they adopted 28 U.S.C. 332-D4 in 1988 when they changed the Rules Enabling Act, they amended Section 207-1 to delete the reference to the Supreme Court and incorporated Section 207-2 requiring that all local rules be consistent with acts of Congress and requiring that they not abridge, enlarge, or modify any substantive rights. Well, that's what 2072 says that with respect to the Supreme Court. It doesn't say that in 2071. It says 2071 says you have to be consistent with the rules adopted in 2072, right? Isn't that what it says? No, Your Honor, I disagree. Well, the substantive rights they're talking about mean that the courts can't change the substantive rights of people on the street. So like the Supreme Court can't adopt a rule that says the minimum wage is now $20 an hour. Isn't that what that means? That's exactly right, Your Honor. I agree completely. And by the same token, that means if the Supreme Court can't do it, neither can district court. So how does district court abridge somebody's substantive rights in this case? Whose substantive rights? Let me back up a moment, Your Honor. FRCP 83 specifies that the local rules shall be consistent with Section 207-2. That's what it specifies in the local rule. I'm sorry, in the Federal Rules of Civil Procedure. It doesn't say that it has to specify with Section A or Section B. Okay, what substantive right did it violate? That's what I'm asking. What are the substantive rights? Yeah, what substantive right gets violated by not allowing attorneys who are not members of the bar to practice? A flood of them, Your Honor. Well, tell me one. The substantive right to full faith and credit, 28 U.S.C. 1738. The local rule provides full faith and credit to the court records and judicial acts of Maryland lawyers, no faith and credit to the judicial records of lawyers licensed in 35 states. Well, that's not true. If you're a member of the bar of other states and you have your principal office in those other states, you can become a member of the General Bar of Maryland, can't you? You have to go and take another bar exam, Your Honor. You can be a member of the Bar of the District Court of Maryland. You can become, can't you? I'm not following your question. I'm sorry. The rule says that if you're licensed in another state and you maintain your principal law office there, you can be a member of the Bar of the District Court. Isn't that what it says? That's exactly what it says. But then it goes on. Doesn't that give full faith and credit to what the other state decided? No, because you have to have reciprocity. You have to be in a state that gives reciprocity to Maryland lawyers. It only gives reciprocity to lawyers licensed in 15 states. So are all reciprocity requirements unlawful in your view? Well, Your Honor, what we're saying is that there's 94 district courts. Forty of them give reciprocity. We're saying that all of the local rules that deny reciprocity are unlawful under 28 U.S.C. 2072 because one of the rules that is violated, one of the substantive rights that is violated, is Section 2072 itself, which says... 2072 is not a substantive right. Well... It deals with adopting rules. It is a right, Your Honor. It's a statutory right. Well, what right do I have under 2072? Much as I might like to change the Federal Rules of Civil Procedure, what right do I have? You have a right and an obligation to follow what the statute says. And as a result of your obligation to follow that statute, we have a right to expect that you will follow that statute, Your Honor. We have a right for Article III courts to limit their jurisdiction to the Article III court's responsibility. We have a right that the Article III courts not delegate its jurisdiction to state actors without any intelligible standards, without any active supervision, and to people that have not taken an oath of office. I'm a little intrigued by your challenge under the Supremacy Clause. How do you get there? Because this is a federal standard, not a state law. Our argument under the Supremacy Clause, Your Honor, is perhaps better argued under the Article III court's exclusive jurisdiction. States do not have any authority whatsoever to determine bar admission in the district courts. It's not their responsibility. There are a legion of cases that hold. We don't have any jurisdiction. So, in essence, what the courts are doing with the local rules is we're saying, we're going to assign our jurisdiction to these states, and the states are saying, well, we don't have jurisdiction over your rules. It's not our responsibility. It's not our job. We're not responsible for the patent laws or Congress's enumerating powers. We're not responsible for your jurisdiction. So, my point that I really would like to... Do you agree that the courts can require people to pass the bar exam? I believe the courts can require people to pass the bar exam. And whether you pass the bar exam is a matter of state law, right? That's true. It is a matter of state law. Like, I think the Fourth Circuit requires you to have passed the bar exam in whatever state you practice in, right? No, it doesn't. Sure it does. I mean, you've got to be a member to... Like, when I was a member to borrow this court, I had to have passed the Virginia State Bar. And I had to pass the bar exam to do that. So, whether I could do that was a question of state law. That's true. It was incorporated into a federal rule, and that's not... That's Virginia State law. That's state law. Yeah, it is. That's not federal law. My clients have already passed bar exams. My clients have passed bar exams in more than one state. They're already licensed. So how does having a requirement in a rule mean that they're adopting... that state law somehow supersedes that rule? My point, Your Honor, is that the Article III courts are not authorized to delegate their jurisdiction to state acts or state supreme courts because there are other state supreme courts. You're saying to our clients, we're going to follow Virginia's substantive law, but the law that you come from is null and void. We're going to give it no full faith and credit. You're entitled to no... So it's a full faith and credit argument, not a supremacy clause argument. I thought I read something about the supremacy clause in the brief. Well, the supremacy clause argument, Your Honor, is that Congress has not authorized local rules to delegate its jurisdiction or to abridge or enlarge or modify any substantive rights. District judges are not legislators. They're not legislators. They don't meet with people. They don't take money for campaign contributions. They have to follow a strict set of guidelines. They have to comply with the Code of Conduct, which says we should not give prestige of our office to any political or other organization. We need to be impartial. We need to be biased. The Supreme Court said the exact same thing in Citizens United. It said it's impermissible for the judiciary to favor one speaker over another. This is what the Supreme Court has said. The Supreme Court has said in Reed v. Town of Gilbert that you can't discriminate in messages or on content. But isn't the speech here professional speech and it can be regulated? I mean, that's a different thing from just an ordinary right to free speech. Well, we're not just talking about professional speech here, Your Honor. We're talking about expressive association. But the rule is completely content neutral, right? It doesn't have to be content neutral, Your Honor. But it is. It's not. How is it not? What content does it regulate? Thank you for that question, Your Honor. It's a very good question. The content that it regulates is federal substance of law and federal procedure. Federal substance of law is a set of megadata. It's saying you people can use this megadata in our courts, but nobody else is allowed to use this megadata. It's not equitable. It's not in accord with the court's responsibility to stay impartial and to give all Americans their fundamental rights. All Americans are entitled to the right to counsel. Everybody, just not people in Maryland. Maryland citizens, they have a right to choose out-of-state counsel. Well, okay, suppose they wanted an out-of-state paralegal to argue their case. Would that infringe somebody's freedom of speech? Your Honor, we're not talking about a paralegal. We're talking about a member of a bar. Let him ask the question and you answer it. I'm sorry, Your Honor. Let him ask the question and you answer it. So, I mean, could you bring in, would it infringe somebody's First Amendment rights if a paralegal was hired to argue a case? No, Your Honor, and the reason why is the Supreme Court has held an attorney's opportunity to practice law is a fundamental right because they have a constitutional duty to vindicate federal rights and champion locally unpopular claims. We have a duty. We have, and that's what we're doing here, we're exercising our obligations to vindicate federal rights and champion unpopular claims. There's nothing more unpopular, Your Honor, than to go into a court and say to judges, Your Honor, you're discriminating against us because you're not giving us the same rights that you're giving to your friends here in this jurisdiction. And that's exactly what's happening. It's no fun. Believe me, it's no fun. The point that I'm getting at, the Supreme Court has changed the law dramatically in the last 10, 15 years in regard to the First Amendment. In R.A.V. v. Minnesota, the court has held, you can't discriminate on the basis of viewpoints. In these local rules, they say, if you represent a criminal in federal law, that's fine, but you can't represent someone, you can't represent the very same person in a civil action. You can be a patent lawyer in South Carolina, you can move to Washington, become a member of the patent bar, retire, move next door to Maryland, and under the local rules, you're ineligible for PROHOC, and you're ineligible for general admission because of where you live, because of your office location. Thank you, Mr. Cheney. You have some time in rebuttal. Thank you, Your Honor. Hudak. Good morning, Your Honors. Brian Hudak from the U.S. Attorney's Office on behalf of the judges of the U.S. District Court of the District of Maryland and the Attorney General of the United States may have pleased the Court. Through this action, the Association seeks to challenge the District of Maryland's Bar Admission Rule on four grounds,  First Amendment, the Rules Enabling Act, and the Supremacy Clause. As the District Court correctly concluded, none of these challenges have merit, and this panel should affirm them. First is the Supremacy Clause. There is no state law at issue. There is no conflict between a state law and a federal law, which is the hallmark of any supremacy law, the Supremacy Clause claim. Second, as to the Rules Enabling Act, the 2072 Restriction on Rules that Affect Substantive Rights is plainly limited by the text to general rules of practice and procedure in the federal courts promulgated by the Supreme Court. So you say that the use of the phrase such rules is what limits 2072? Correct. In Section A, it talks about the rules that the Supreme Court is authorized to enact for general practice and procedure, and then Subsection B it references those rules by saying such rules. There's a similar construction in 2071 where it authorizes district courts to pass local rules, and then has that same word, such rules shall be subject or cannot run in conflict with the rules the Supreme Court has promulgated for general practice and procedure. So from a textual reading, it's clear that the Substantive Rights Restriction only applies to the general rules of practice that the Supreme Court would regulate. But even if it were to apply to local rules, as the Supreme Court held in the Shady Grove case, those substantive rights are the rights of litigants, and the substantive rights means the rules of decisions, not the way the case is presented to a court, but the merits of the case. So that challenge as well fails, Your Honor. Next, as to the Equal Protection Claim, the Bar Admission Rule doesn't contain a suspect classification. It doesn't impinge upon a fundamental right protected by the Fifth Amendment of the Constitution, and thus rational basis review is in order. And the rules plainly have rational basis for all the reasons described in our brief. Notably, the Ninth and the Third Circuit have held as constitutional rules that are more restrictive than the District of Maryland's rules. The Central District of California... And what's the rational basis? What's the rational basis for the Maryland rules, Your Honor? Yes. The rational basis for the Maryland rules, the general rule, and the exceptions each have their own rational basis, but for the general rule, it's that attorneys practicing in the District of Maryland are subject to local supervision of their licensing authority. When a litigant has an issue with their counsel under the Maryland rule, that litigant knows it either has to go to the Maryland Bar authorities or it goes to the authorities where their attorney is located. If a third state is involved, it becomes difficult for the litigant to exercise their rights, difficult for issues to resolve, and also implicates distant authorities attempting to regulate conduct in another state in a litigation in a third state. It's problematic, Your Honor. But notably, the Third and the Ninth Circuit have approved even more limited rules. The Central District of California and the District of New Jersey only allow members of the states in which those courts reside to be members of their bars. They held that those rules are constitutional. Certainly, Maryland's rule is more liberal and provides an alternative means that the mission should be viewed as constitutional as well. Lastly, as to the First Amendment challenge, there is no content or viewpoint discrimination. The rule is completely neutral. Moreover, it's not a speech regulation. It doesn't purport to be. It purports to be a regulation of professional conduct. It's a licensing requirement. Numerous Supreme Court decisions have held that licensing requirements that merely incidentally infringe on speech, at most are subject to rational basis review, and it collapses back onto the equal protection grounds. Your Honors, each of these challenges lacks merit. The District Court correctly decided that, and the judges and the Attorney General of the United States ask this Court to approve. Thank you. Anything? Everybody is entitled to a lawyer, but what a loyal lawyer says is not evidence. They have not submitted any evidence, have not submitted any declarations, have not submitted any empirical studies that out-of-state attorneys are going to be a threat to the bar or contaminate the integrity of the court or the public. They have a duty to submit evidence. They haven't submitted any evidence. We have submitted evidence from the ABA recommending bar admission on motion. We've submitted evidence from our appellants who are injured by the local rule, they're disabled, and their ability to exercise their fundamental rights to choose their own counsel and to associate with their own counsel of choice. We have the Obama Administration recommending streamlining on bar admission. The Supreme Court in Fraser v. Hebe confronted with an almost identical challenge, applied a rational, conjunctive, necessary standard of review that said we're not going to presume that out-of-state attorneys are going to violate their professional responsibilities. That's what the Supreme Court said. That was in 1987. Supervision case, not a First Amendment case, right? That was before the rebirth of the First Amendment by the Supreme Court in Citizens United in Reed v. Town of Gilbert. That was in another era. That was over 30 years ago. That was before ECF was filed. Your Honor, the next year, after Fraser v. Hebe was decided, Congress amended the local rules, making procedures, and said from now on, judicial counsels have a mandatory duty to review the local rules, make sure they're consistent with Section 2072. Judicial counsel, mandatory duty to review the local rules, make sure they're consistent with Section 2072. It doesn't say A or 2072B or 2072C. It says 2072. The Supreme Court can't abridge, enlarge, or modify any rights. It makes no sense to say district judges, by local rules enacted by majority vote, can. We're up against an attitude that people from outside our forum are presumptively not qualified. The Supreme Court has said, you can't do that. Forty jurisdictions give reciprocal licensing. Forty federal courts. Members of this panel are not disqualified based on where you have your office. Members of the court are not disqualified based on the bar exam you have. The ABA has concluded that it's not necessary for experienced attorneys to take another bar exam. That's what they have said. They've studied it twice. Forty states have adopted ABA's recommendation. The Obama administration has recommended streamlining admission on motion. Microsoft has studied the reason that the law is lagging far behind other professions in diversity because of licensing barriers. The licensing barrier we're talking about here is implicated by the rights to speech, association, counsel, and the petition for redress of grievances. It's an unpopular claim, but it's a claim that requires heightened review. It requires more than rational basis review. It requires, at a minimum, rational and necessary, which you can't meet, or strict scrutiny. Thank you, Your Honor. Thank you. We'll come down and greet counsel and then take a short recess in order to reconstitute the panel. This honorable court will take a brief recess.
judges: Henry F. Floyd, Stephanie D. Thacker, John A. Gibney Jr.